1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAVA TRADING COMPANY, INC.,

                 Plaintiff,

v.

PERFORMANCE FOOD GROUP COMPANY,

                 Defendant.

No. C05-1191P

ORDER (1) DENYING
DEFENDANT'S FRCP 12(b)(5)
MOTIONS TO DISMISS
PLAINTIFF'S COMPLAINT AND
AMENDED COMPLAINT AND
FRCP 12(f) MOTION TO STRIKE
AND (2) GRANTING PLAINTIFF'S
FRCP 15(a) MOTION TO AMEND

       This matter comes before the Court on Defendant's motion to dismiss Plaintiff's Complaint
and amended Complaint pursuant to Fed.R.Civ.P. 12(b)(5), its motion to strike plaintiff's amended
Complaint pursuant to Fed.R.Civ.P. 12(f), and Plaintiff's motion amend pursuant to Fed.R.Civ.P.
15(a).  (Dkt. Nos. 6, 13, and 18).  Having received and reviewed these motions, the parties'
responses and replies, and all exhibits and documents submitted, the Court finds that Defendant has
not shown it was improperly served, nor that Plaintiff amended its Complaint in violation of the
Federal Rules of Civil Procedure.  Therefore, the Court DENIES both of Defendant's motions to
dismiss and its motion to strike.  Finally, Fed.R.Civ.P. 15(a) allows a party to amend its pleading once
as a matter of course at any time before a responsive pleading is served.  Because a responsive
pleading was not served prior to Plaintiff amending its Complaint, Plaintiff was entitled to amend
without leave of the Court.  Therefore, the Court GRANTS Plaintiff's motion to amend.

ORDER - 1

BACKGROUND

On June 27, 2005, Plaintiff filed a Complaint against Defendant in King County Superior Court alleging breach of contract.  The next day, Plaintiff served process on CT Corporation System ("CT"), Defendant's registered agent in Tennessee, its state of incorporation.  Defendant later removed the case to this Court on July 1, 2005.  On July 18, 2005, Defendant filed a 12(b)(5) motion to dismiss Plaintiff's Complaint for insufficient service of process.  Following that motion, on July 19, 2005, Plaintiff filed its first amended Complaint to assert conversion claims.  Then, on July 21, 2005, twenty-three days after serving CT, Plaintiff filed the out of state service affidavit pursuant to RCW 4.28.185(4).  On August 5, 2005, Defendant filed its motion to strike Plaintiff's amended Complaint.  Finally, although Plaintiff earlier filed its amended Complaint, on August 29, 2005, Plaintiff filed a motion for leave to so amend.

ANALYSIS

**I.  Defendant's Fed.R.Civ.P. 12(b)(5) Motion to Dismiss Plaintiff's Complaint**

Defendant's motion to dismiss for insufficient service of process is based on two grounds.  First, Defendant argues that Plaintiff violated RCW 4.28.185(4) by serving CT in Tennessee without first filing an affidavit stating that service on Defendant could not be made in Washington.  It is well settled, however, that a party substantially complies with Washington's long-arm statute when it files the out of state service affidavit prior to entry of judgment.  <u>Barer v. Goldberg</u>, 20 Wn.App. 472, 482, 582 P.2d 868 (1978).  Because no judgment has been entered in this case, the Court finds that Plaintiff did not violate RCW 4.28.185(4).

Second, Defendant argues that Plaintiff failed to make service on a proper party.  Washington's long-arm statute provides that a party subject to the jurisdiction of Washington courts may be served outside the state so long as the summons is served in like manner as personal summons within the state.  RCW 4.28.185(2); RCW 4.28.180.  RCW 4.28.080(9) provides that personal service may be made on a corporation within the state by delivering a copy of the summons to its "registered agent."  The parties do not dispute that CT is Defendant's registered agent in

1  Tennessee, its state of incorporation. Defendant, however, argues that, because RCW 23B.15.070

2  defines "registered agent" as an agent located in the state of Washington, CT cannot be Defendant's

3  registered agent for the purposes of RCW 4.28.080(9). (Def's Mot. to Dismiss at 3). Defendant

4  misreads RCW 23B.15.070, which does not define "registered agent," but merely requires that

5  foreign corporations authorized to transact business in Washington maintain such an agent in the

6  state.[1] It is undisputed that Defendant is not licensed to transact business in Washington. (Graham

7  Aff. at 2). Thus, RCW 23B.15.070 does not apply to Defendant and cannot be fairly construed to

8  limit CT's authority to receive service for suits filed in Washington.

9  Next, Defendant cites Whitehead v. CBS/Viacom, Inc., 221 F.R.D. 1 (D.C. 2004) for the

10  proposition that a corporation's registered agent may only receive service for suits filed in the state in

11  which such agent is registered. In that case, the plaintiff attempted to serve the defendant in the

12  District of Columbia by delivering summons to the defendant's designated agent for other

13  jurisdictions. Id. at 2. The court held that, because the party served was not the defendant's

14  registered agent in the District of Columbia, plaintiff failed to make proper service under Rule 4(h).

15  Id. at 3. It is not clear, however, from the Whitehead opinion whether the defendant in that case had

16  an agent registered in the District of Columbia. See id. n.4. Here, Defendant clearly had no such

17  agent in Washington. Thus, Whitehead is distinguishable from the present case and does not compel

18  a conclusion here.

19  Finally, Citing Black's Law Dictionary,[2] Defendant argues that the plain language of

20  "registered agent," as set forth in RCW 4.28.080(9), confirms that CT may not accept service for

21

22  [1]RCW 23B.15.070 provides that (1) Each foreign corporation authorized to transact business in this state

23  must continuously maintain in this state . . . (b) A registered agent, who may be: (i) An individual who resides in this state and whose business office is identical with the registered office; (ii) A domestic corporation or not-for-

24  profit domestic corporation whose business office is identical with the registered office; (iii) A foreign corporation or foreign not-for-profit corporation authorized to transact business or conduct affairs in this state whose business office is identical with the registered office; (iv) A domestic limited liability company whose business office is

25  identical with the registered office; or (v) A foreign limited liability company authorized to conduct affairs in this state whose business office is identical with the registered office.

26  [2]Black's Law Dictionary 65 (7th ed. 1999) defines "registered agent" as "[a] person authorized to accept service of process for another person, esp. a corporation, in a particular jurisdiction."

suits filed in Washington.  This argument, however, runs counter to Defendant's own recognition that Washington law attempts to "simplify service upon corporations concerning causes of action within the state."  (Def.'s Reply at 5).  A corporation's registered agent in its state of incorporation provides a sure target for service.  Disallowing service on such agents when no agent has been designated in Washington does not further Washington's intent to simplify service on corporations.

Defendant argues further that, although Plaintiff may not serve CT, it may serve Defendant's president, presumably because "president" is listed in RCW 4.28.080(9).  Under Defendant's apparent reasoning, Plaintiff could also serve Defendant's secretary, cashier, or office assistant, wherever located.  That Plaintiff could serve such parties, but not an easily identified and located registered agent in Tennessee makes little sense.  For these reasons, the Court DENIES Defendant's motion to dismiss Plaintiff's Complaint.

**II.  Defendant's Fed.R.Civ.P. 12(b)(5) Motion to Dismiss Plaintiff's Amended Complaint**

Because service of the amended complaint was not improper, the Court DENIES Defendant's motion to dismiss Plaintiff's amended Complaint for insufficient service of process.

**III.  Defendant's Fed.R.Civ.P. 12(f) Motion to Strike Plaintiff's Amended Complaint**

Fed.R.Civ.P. 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ."  Defendant argues that its motion to dismiss Plaintiff's Complaint constitutes a responsive pleading and therefore, that Plaintiff's amended Complaint should be stricken because it was filed after that motion.  It is well established, however, that a motion to dismiss is not a responsive pleading for the purposes of Rule 15(a). Morrison v. Mahoney, 399 F.3d 1042, 1047 (9th Cir. 2005); Shaver v. Operating Eng'rs Local 428 Pension Trust Fund 332 F.3d 1198, 1201 (9th Cir. 2003); Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).  Because no responsive pleading had been filed in this case by July 19, 2005, Plaintiff was entitled to amend its Complaint as a matter of course pursuant to Fed.R.Civ.P. 15(a).  The Court DENIES Defendant's motion to strike Plaintiff's amended Complaint.

**IV.  Plaintiff's Motion to Amend**

Because Plaintiff was entitled to amend its complaint as a matter of course, the Court GRANTS Plaintiff's motion to amend.

**Conclusion:**

Because Plaintiff properly served Defendant's registered agent in Tennesee, the Court DENIES Defendant's motions to dismiss Plaintiff's Complaint and amended Complaint.  Following well-settled law, the Court finds that Defendant's motion to dismiss Plaintiff's Complaint did not constitute a responsive pleading.  For this reason, the Court DENIES Defendant's motion to strike. Finally, because Fed.R.Civ.P. 15(a) allows Plaintiff to amend its Complaint once as a matter of course at any time before a responsive pleading is served, the Court GRANTS Plaintiff's motion to amend.

The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated: September 20th, 2005.

Marsha J. Pechman
United States District Judge

ORDER - 5