UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAVA TRADING COMPANY, INC.,

              Plaintiff,

v.

PERFORMANCE FOOD GROUP CO.,

              Defendants.

No. C05-1191P

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL INITIAL DISCLOSURES AND DENYING DEFENDANT'S MOTION TO STAY SCHEDULING DEADLINES

      This matter comes before the Court on Plaintiff's Motion to Compel Initial Disclosures (Dkt. No. 37) and Defendant's Motion to Stay Scheduling Deadlines (Dkt. No. 48). Having reviewed both motions, as well as the responses and replies of the parties, in addition to all other pertinent papers and exhibits thereto, the Court hereby GRANTS Plaintiff's Motion to Compel and DENIES Defendant's Motion to Stay Scheduling Deadlines.

      In this Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement ("the JSR Order") (Dkt. No. 14), the Court ordered both parties to make standard initial disclosures pursuant to Fed R. Civ. P. 26 (a)(1). In the parties' JSR Report, the parties noted that they were in disagreement about initial disclosures. (Dkt. No. 24, ¶ 4). The Defendant never submitted a Motion for a Protective Order in this case asking for relief from the JSR Order. Rather, it just decided not to make those disclosures. Parties must abide by orders unless they are given relief from those orders by the Court–they cannot unilaterally

ORDER - 1

1  decide that those orders are inapplicable to them and use this rationale as a basis for not

2  complying with the order.  In this instance, Defendant's disclosures are long overdue and

3  shall be made to Plaintiff no later than within ten (10) days of this Order.

4      Defendant also moves this Court to stay all deadlines pending a ruling on Defendant's

5  Motion to Dismiss or Compel Arbitration, which is before this Court.  While Defendant does

6  make the valid point that this case could be gone, along with its discovery requirements,

7  should the Court decide that arbitration is necessary, speculation about what the Court may

8  decide on a motion that is still pending is not a valid justification for further delay in the

9  discovery in this case.  In the event that the case does not go to arbitration, the disclosures

10 will be needed rapidly.  Given the Court's delay in deciding the arbitration motion, however,

11 the Court will entertain a request for an extension from the parties once the arbitration

12 motion has been ruled upon and the parties have met and conferred on the need for an

13 extension, should the case remain with this Court.

14     The Clerk of the Court shall direct a copy of this order be sent to all counsel of

15 record.

16 Dated this 3rd  day of January, 2006

*[signature]*

Marsha J. Pechman
United States District Judge

ORDER - 2